ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO WESTERNLAKE VILLAGE I<br><br>Apelante<br><br>v.<br><br>FRANCISCO GUEVARA RAFOLS<br><br>Apelado | TA2025AP00543 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2025CV00731 (206)<br><br>Sobre: Cobro de dinero (procedimiento ordinario) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2026.

Compareció el Consejo de Titulares del Condominio Westernlake Village I (en adelante, "Consejo de Titulares") mediante el recurso de apelación presentado el 13 de noviembre de 2025. Nos solicitó la revocación de la *Sentencia* emitida el 8 de octubre de 2025 y notificada el 14 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia desestimó sin perjuicio la *Demanda* por haber transcurrido el término concedido sin realizar sustitución de parte tras el fallecimiento del demandado, el Sr. Francisco Guevara Rafols (en adelante, "señor Guevara Rafols").

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia* apelada.

**-I-**

El 2 de mayo de 2025, el Consejo de Titulares presentó *Demanda* sobre cobro de dinero contra el señor Guevara Rafols por

falta de pago de las cuotas de mantenimiento, derramas y seguro comunal.[1]

Luego de varios trámites procesales, el foro de instancia aceptó a la Lcda. Brenda M. Fernández Santiago (en adelante, "licenciada Fernández Santiago") como la representación legal del señor Guevara Rafols.[2]

Posteriormente, el 11 de agosto de 2025, la licenciada Fernández Santiago —en representación del senor Guevara Rafols— presentó una *Comparecencia especial, sin someterse a la jurisdiccion solicitando desestimación.*[3] Allí alegó que procedía desestimar la *Demanda* de epígrafe, toda vez que el señor Guevara Rafols falleció el 26 de septiembre de 2022. Esto es, que el demandado falleció antes de incoarse la causa de acción en su contra. Adujo, además, que el emplazamiento por edicto fue insuficiente en la medida que estaba dirigido hacia una persona fallecida.

En oposición, el Consejo de Titulares alegó —mediante *Escrito en cumplimiento de la orden emitida el 13 de agosto de 2025*[4]— que las acciones de la licenciada Fernández Santiago constituyen un craso incumplimiento con los Cánones de Ética Profesional, ya que compareció a nombre del fallecido, el señor Guevara Rafols, e informó que este había contratado sus servicios profesionales. Además, sostuvo que la licenciada Fernández Santiago ocultó información al foro de instancia y cometió fraude intencional al asumir la representación de una persona que no existe. Por lo cual, solicitó la descalificación de la licenciada Fernández Santiago y que se elevara el expediente ante el Tribunal Supremo de Puerto Rico para las medidas disciplinarias correspondientes.

---

[1] SUMAC-TPI, entrada núm. 1.
[2] SUMAC-TPI, entrada núm. 10.
[3] SUMAC-TPI, entrada núm. 11.
[4] SUMAC-TPI, entrada núm. 13.

Acto seguido, la licenciada Fernández Santiago presentó *Escrito en oposición y aclaratorio* mediante el cual informó que el Sr. Rafael Guevara Domenech —hijo del fallecido señor Guevara Rafols— fue quien contrató sus servicios profesionales.[5] Sin embargo, aceptó que por error humano e inadvertencia no designó correctamente su segundo apellido y, por lo cual, pidió disculpas al foro de instancia.

Tras examinar los escritos de las partes, el foro de instancia dictó una *Resolución y Orden* en la cual resolvió como sigue:

> [...] entendemos que la solicitud de descalificación es improcedente y se declara No Ha Lugar. Aceptamos las disculpas de la Lcda. Fernández y entendemos que fue un error humano debido a que quien la contrató, el hijo del demandado, tiene el mismo nombre de su padre fallecido, cambiando únicamente el segundo apellido.

> Resolvemos declarar No ha Lugar la solicitud de desestimación presentada por la parte demandada y ordenamos a la parte demandante a enmendar la demanda presentada en el término de 20 días en atención a lo dispuesto en la Regla 22.1 de las de Procedimiento Civil.[6]

Insatisfecho y sin cumplir con lo ordenado, el Consejo de Titulares acudió ante este Tribunal mediante el recurso de *Certiorari* TA2025CE00554 y redactó tres señalamientos de error.[7] En esencia, argumentó que el foro de instancia erró al: (i) no descalificar a la licenciada Fernández Santiago a pesar de que compareció en representación de una persona fallecida; (ii) no elevar el expediente ante el Tribunal Supremo para la imposición de medidas disciplinarias; (iii) permitir la intervención de un tercero —el señor Guevara Domenech— sin satisfacer los aranceles de ley; y (iv) ordenarle al Consejo de Titulares que enmendara la Demanda de epígrafe.

Aún pendiente el recurso de *Certiorari* ante el Tribunal de Apelaciones, el foro de instancia dictó *Sentencia* mediante la

---

[5] SUMAC-TPI, entrada núm. 14.
[6] SUMAC-TPI, entrada núm. 17.
[7] SUMAC-TPI, entrada núm. 21.

desestimó sin perjuicio la *Demanda* por haber transcurrido el término concedido sin realizar sustitución de parte tras el fallecimiento del demandado, el señor Guevara Rafols.[8]

Luego, el Tribunal de Apelaciones dictó *Resolución* en el recurso de *Certiorari* en el cual denegó su expedición y concluyó como sigue:

> A nuestro juicio, el pronunciamiento aquí recurrido obedece a una prudente gestión dirigida a procurar la más correcta tramitación del asunto sometido a su consideración. Tal cual esbozado, la determinación que respecto a la descalificación de un abogado efectúa el Tribunal de Primera Instancia, es una inherente a su criterio discrecional. Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*[9]

Inconforme con todo lo anterior, el Consejo de Titulares acudió ante nos mediante el recurso de apelación de epígrafe y esbozó los señalamientos de error siguientes:

> PRIMERO: Erró el Tribunal de Primera Instancia al permitirle a la Lcda. Brenda M, Fernández Santiago continuar representando y argumentando a favor de un ente, sin personalidad jurídica, ni legitimación activa, por causa de muerte.
>
> SEGUNDO: Erró el Tribunal de Primera Instancia al no descalificar a la Lcda. Brenda M. Fernández Santiago por esta haber incumplido con los Cánones de Ética Profesional al comparecer al Tribunal representado a un demandado fallecido hacía ya varios años y ocultarle al Tribunal, al principio, tal hecho.
>
> TERCERO: Erró el Tribunal de Primera Instancia al negarse a elevar los autos del caso al Tribunal Supremo de Puerto Rico para que ese foro determinara que medidas disciplinarias, si alguna, imponerle a la Lcda. Brenda M. Fernández Santiago por su conducta en violación de los Cánones de Ética Profesional.
>
> CUARTO: Erró el Tribunal de Primera Instancia al permitir que un tercero, no demandado, Sr. Francisco Guevara Domenech, interviniera en el proceso judicial, sin satisfacer los aranceles que dispone la ley y sin cumplir con los requisitos sustantivos y procesales, ordenándole a la parte demandante que enmendara la Demanda para incluir como demandado al Sr. Francisco Guevara Dom[e]nech.
>
> QUINTO: Erró el Tribunal de Primera Instancia al desestimar la Demanda como sanción extrema, sin celebración de una vista o mediar advertencia, porque la parte demandante no enmendó la Demanda para incluir personas desconocidas;

---

[8] SUMAC-TPI, entrada núm. 26.
[9] SUMAC-TA, recurso núm. TA2025CE00554, entrada núm. 8, pág. 8.

todo ello mientras tal Orden era objeto de su recurso de Certiorari en ese momento.

Por su parte, el señor Guevara Domenech presentó su *Alegato en oposición y solicitando la desestimación.*[10]

Así pues, perfeccionados todos los recursos consolidados, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Sustitución de parte por muerte**

La Regla 22.1 de Procedimiento Civil esboza que la norma sobre la sustitución de un litigante fallecido. En particular dispone como sigue:

> (a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.
>
> (b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causahabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.
>
> (c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista sólo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes.

32 LPRA Ap. V, R. 22.1.

En otras palabras, conforme a la precitada regla, cualquier parte —por sí o a través de su representante legal— deberá notificar el deceso de una parte, dentro de los treinta (30) días de advenir en conocimiento de tal hecho. Una vez se realiza la notificación del

---

[10] SUMAC-TA, entrada núm. 2.

fallecimiento, comienza a transcurrir el término de noventa (90) días para solicitar la sustitución de la parte correspondiente.[11] Ahora bien, si la parte fallecida no es sustituida oportunamente, el pleito no puede continuar su curso y procede su desestimación sin perjuicio.

En nuestra jurisdiccion, la sucesión del causante es la parte con derecho u obligación de sustituir al litigante fallecido, sin embargo, cada uno de sus miembros debe ser traído al pleito como parte indispensable. *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823, 837 (2024); *Vilanova et al. v. Vilanova et al.,* 184 DPR 824, 839 (2012). Esto es, al sustituir a una parte por otra que no está en el pleito es necesario adquirir jurisdicción *in personam* sobre esa nueva persona, con el fin de que esta quede notificada de la acción y pueda ser escuchada y defenderse, si así lo desea. *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 686 (1989).

Cabe señalar que, la sustitución en nada afecta los derechos sustantivos de las partes, ya que, el que sustituye se coloca en los mismos zapatos que la parte sustituida. *Blassino, Reyes v. Reyes Blassino,* supra.

De manera que, esta normal procesal "atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita para evitar el perjuicio que la dilación pueda causar a las partes". *Ruiz Mattei v. Commercial Equipment,* 214 DPR 407, 419 (2024) citando a *Vilanova et al. v. Vilanova et al.,* supra, pág. 838.

**B. Abuso de discreción**

Las decisiones del Tribunal de Primera Instancia merecen gran deferencia, toda vez que conoce mejor las particularidades del

---

[11] Sin embargo, se ha dispuesto que "[s]i la sustitución no se hace dentro del término que disponga el tribunal, el pleito se desestimará sin perjuicio". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 175. Esto es, en conformidad con la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, el Tribunal podrá prorrogar o reducir el término de 90 días para realizar la sustitución pertinente.

caso y está en mejor posición para tomar las medidas necesarias para cimentar el curso de acción hasta obtener una disposición final. *Citibank et al v. ACBI et al.,* 200 DPR 724, 735-736 (2018); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012). Por ello, los foros primarios "cuentan con una discreción que es inherente a su función de resolver los casos y controversias que llegan ante su consideración". *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015).

Siendo así, la regla general es que los tribunales apelativos no deben intervenir con las determinaciones del foro primario ni sustituir su criterio, salvo que las decisiones emitidas sean arbitrarias o constituyan un abuso de discreción judicial. *Citibank et al. v. ACBI et al.*, supra, pág. 736; *Pueblo v. Custodio Colón*, supra, pág. 589.

En nuestro ordenamiento, la "discreción judicial" se refiere a la facultad de un tribunal de justicia para resolver de una forma u otra, o de escoger entre varios cursos de acción. *Citibank et al. v. ACBI et al.*, supra, pág. 735; *García v. Asociación,* 165 DPR 311, 321 (2005). Además, se ha interpretado que la discreción está atada al concepto de razonabilidad y, a la vez, se fundamenta en un sentido llano de justicia. *Id.* Esto es, la "discreción es una forma de razonabilidad que aplica al discernimiento judicial para llegar a una conclusión justiciera". *Id.*

A esos efectos, un tribunal incurre en abuso de discreción cuando: "(1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente". *Pueblo v.*

*Custodio Colón*, supra, pág. 589; véase, además, *Citibank et al. v. ACBI et al.*, supra, pág. 736.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, el apelante esbozó cinco (5) señalamientos de error. Por estar relacionados, discutiremos en conjunto el primer, cuarto y quinto señalamiento de error. En esencia, el apelante alega que el foro de instancia erró al: (1) permitir que la licenciada Fernández Santiago representara a una persona fallecida; (2) permitir que un tercero no demandado interviniera en el proceso judicial sin pagar los aranceles correspondientes; (3) ordenar que se enmendara la *Demanda* para incluir a ese tercero; y (4) desestimar la *Demanda* sin celebrar una vista y sin advertirle de tal consecuencia.

Ciertamente, en el expediente de autos consta que la licenciada Fernández Santiago compareció ante el foro de instancia en representación del señor Guevara Rafols e informó que este había fallecido varios años antes. No obstante, igual se desprende del expediente que, la licenciada Fernández Santiago informó al foro de instancia que había cometido un error al designar incorrectamente el segundo apellido de la persona que contrató sus servicios profesionales, por lo que se disculpó por su inobservancia. Véase, SUMAC-TPI, entrada núm. 14. *Id.*

Nótese que, la persona que contrató los servicios profesionales de la licenciada Fernández Santiago es el señor Guevara Domenech, quien resulta ser el hijo del fallecido. Ambos se llaman "Francisco Guevara" y solo el segundo apellido es diferente. Esto es, el hijo del fallecido se apellida "Guevara Domenech", mientras el fallecido se apellida "Guevara Rafols". Por lo cual, el foro de instancia concluyó

que controversia fue producto de un error humano y concedió el término para que se enmendara la *Demanda* para sustituir a la parte demandada. Resolvemos, pues, que el apelante no ha logrado demostrar la existencia de algún abuso de discreción, prejuicio, parcialidad o un error manifiesto que nos obligue a prescindir de la conclusión del TPI, a los efectos de que la comparecencia se debió a un error humano.

En cuanto al planteamiento del pago de aranceles, debe tenerse en cuenta que estos fueron satisfechos por la parte apelada al momento de hacer su primera comparecencia ante el foro de instancia. Véase, SUMAC-TPI, entrada núm. 11. Sin embargo, la controversia gira en torno a que el pago de aranceles fue efectuado por el fallecido señor Guevara Rafols y no por el señor Guevara Domenech. Determinamos que, en la medida que, la licenciada Fernández Santiago compareció ante el foro de instancia en representación del señor Guevara Domenech, nos parece inmeritorio el argumento de falta de pago de los aranceles. Además, nos parece conveniente aclarar que, el foro de instancia al advenir en conocimiento del fallecimiento del señor Guevara Rafols, ordenó la sustitución correspondiente. Por tanto, el foro de instancia no permitió la representación de una persona fallecida como pretende alegar el apelante, sino que ordenó su sustitución.

Según esbozamos previamente, la Regla 22.1 de Procedimiento Civil, *supra,* regula la sustitución de partes por causa de muerte y establece que, cuando la reclamación no se extingue, el pleito debe continuar mediante la sustitución de la parte fallecida por las partes apropiadas. En nuestro ordenamiento jurídico, la sucesión del causante es quien está llamada a sustituirlo cuando este fallece y era parte en una causa civil pendiente. Esto debido a que en "la sucesión que se produce por razón del fallecimiento del causante, el sucesor está llamado a ser deudor, acreedor, dueño,

poseedor, nudo propietario, arrendador o arrendatario, tal y como lo era el sucedido". *Ruiz Mattei v. Commercial Equipment,* supra, pág. 417. Además, la precitada regla dispone que, si la parte fallecida no es sustituida oportunamente, el pleito no puede continuar su curso y procede su desestimación sin perjuicio.

En el caso de epígrafe, transcurrió el término que concedió el foro de instancia sin que el Consejo de Titulares —como parte demandante— enmendara la *Demanda* para incluir al señor Guevara Domenech como demandado sustituto del fallecido señor Guevara Rafols. Ante esto, el foro de instancia desestimó la *Demanda* sin perjuicio en conformidad con la Regla 22.1 de Procedimiento Civil, *supra.* Además, adviértase que ni la precitada regla ni nuestra jurisprudencia le impone al foro de instancia el deber de advertirle a la parte las consecuencias que expresamente dispone la Regla 22.1 de Procedimiento Civil, *supra,* y mucho menos de celebrar una vista para dilucidar esos asuntos.

En consecuencia, resulta forzoso concluir que el foro de instancia no cometió el primer, cuarto y quinto señalamiento de error.

A continuación, discutimos el segundo y tercer señalamiento de error. La apelante adujo que el foro de instancia erró al no descalificar a la licenciada Fernández Santiago y al no elevar el expediente al Tribunal Supremo de Puerto Rico, por incumplir con los Cánones de Ética Profesional.

Cabe señalar que, estos mismos planteamientos fueron esbozados por el apelante en el recurso de *Certiorari* TA2025CE00554, el cual fue atendido por el mismo Panel de Jueces que suscriben la presente *Sentencia.* Véase, SUMAC-TA, recurso núm. TA2025CE00554, entrada núm. 8. En aquella ocasión, decidimos denegar la expedición del mencionado recurso de *Certiorari,* ya que al examinar el expediente no hallamos ningún

error en derecho o abuso de discreción por parte del foro de instancia. *Id.*, págs. 7-8. Incluso, allí adelantamos que el pronunciamiento del foro de instancia obedecía una prudente gestión —inherente a su criterio discrecional— dirigida a procurar la más correcta tramitación del asunto ante su consideración. *Id.* A la misma conclusión hemos llegado al examinar con detenimiento el recurso de apelación de epígrafe.

Del expediente de este caso no surge que el foro de instancia haya actuado de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error, de manera tal, que nos sea forzoso revocarle. Por el contrario, consideramos que la actuación del foro de Instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración.

Así pues, concluimos que el segundo y tercer señalamiento de error no fueron cometidos.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones